IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>  Plaintiff,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI TECHNOLOGIES USA INC.,<br><br>  Defendants. | CIVIL ACTION NO. 6:20-cv-00889<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Defendants Huawei Technologies Co. Ltd. and Huawei Technologies USA Inc. (collectively "Huawei" or "Defendants") and alleges:

**NATURE OF THE ACTION**

1.  This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

1

## THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, Defendant Huawei Technologies Co., Ltd. is a Chinese corporation that does business in Texas, directly or through intermediaries, with a principal place of business at Bantian, Longgang District, Shenzhen 518129, People's Republic of China.

4. Upon information and belief, Defendant Huawei Technologies USA Inc. is a corporation organized and existing under the laws of Texas that maintains an established place of business at 2391 NE Interstate 410 Loop, San Antonio, Texas 78217. Huawei Technologies USA, Inc. is authorized to do business in Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. Defendants operate under and identify with the trade name "Huawei." Each of the Defendants may be referred to individually as a "Huawei Defendant" and, collectively, Defendants may be referred to below as "Huawei" or as the "Huawei Defendants."

## JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 284, and 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has specific and general personal jurisdiction over each Huawei Defendant pursuant to due process and/or the Texas Long Arm Statute, because each Huawei Defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over each Huawei Defendant would not offend

traditional notions of fair play and substantial justice because Huawei has established minimum contacts with the forum. For example, on information and belief, Huawei Defendants have committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendants have committed acts of infringement in this judicial district and have regular and established places of business in this judicial district and in Texas. As non-limiting examples, on information and belief, Defendants have sold or offered to sell the Accused Products in this judicial district and have employees or agents that operate Huawei equipment in this judicial district, including at 189 CR 265, Georgetown, TX 78626, 1150 S. Bell Blvd., Cedar Park, TX 78613, 1399 S A W Grimes Blvd., Round Rock, TX 78664, 12335 IH 35, Jarrell, TX 76537, 1050 Rabbit Hill Rd., Unit #E, Georgetown, TX 78626, 1602 A W Grimes Blvd., Round Rock, TX 78664, 4120 IH 35 N, Georgetown, TX 78626, 900 CR 272, Leander, TX 78641, 1950 Crystal Falls Pkwy., Leander, TX 78641, 1101 N. Industrial Blvd., Round Rock, TX 78681, 506 McNeil Rd., Round Rock, TX 78681, 3210 Chisholm Trail Rd., Round Rock, TX 78681, 112 Roundville Ln., Round Rock, TX 78664, 202 Central Dr. W, Georgetown, TX 78628, 3595 E. Hwy. 29, Georgetown, TX 78626, 1402 W Welch St., Taylor, TX 76574, 3801 Oak Ridge Dr., Round Rock, TX 78681, 1957 Red Bud Ln. #B, Round Rock, TX 78664, 6603 S Lakewood Dr., Georgetown, TX 78633, 500 W Front, Hutto, TX 78634.

## COUNT ONE - INFRINGEMENT OF
## U.S. PATENT NO. 6,704,304

10. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

11. On March 9, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,704,304 ("the '304 Patent"), entitled "Selective establishment of telecommunications connections over packet and circuit switched networks." A true and correct copy of the '304 Patent is attached as Exhibit A to this Complaint.

12. Brazos is the owner of all rights, title, and interest in and to the '304 Patent, including the right to assert all causes of action arising under the '304 Patent and the right to any remedies for the infringement of the '304 Patent.

13. Huawei makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Huawei's Unified Communications platform (collectively, the "Accused Products").

14. The Accused Products include, but are not limited to, the Unified Gateway U1960 and corresponding products such as Integrated Access Devices.

15. The Accused Products implement an apparatus for establishing a telecommunications connection in a telecommunications network, wherein the telecommunication network comprises a core packet network and a circuit public switched telephone network (PSTN).

16. Huawei provides a Unified Communications (UC) solution which employs a variety of hardware equipment such as IP terminals, voice gateway, and Unified Communications Management to deliver unified communication (UC) services.

17. The Accused Products employ a Unified Gateway U1960 as a core voice gateway that works with Huawei IP terminals and UC applications to provide unified communication services.

18. The Unified Gateway U1960 initiates communication with a Public Switched Telephone Network (PSTN) to allow Plain Old Telephone Service (POTS) users to communicate with IP terminal users. The Unified Gateway U1960 supports the communication between a plurality of users employed with the IP terminal and POTS (e.g., analog phones).



Source: https://e.huawei.com/us/material/communication/e651c14c726b40f693c05303c3ce2ad3



Source: https://e.huawei.com/us/products/software/mgmt-sys/esight/communication-surveillance

5

19.     The below figure from Huawei documentation is an example telecommunication network that implements the Huawei UC solution. The example network includes an IP (VPN) network (core packet network) and the PSTN (circuit PSTN) that allows the U1960 (represented by the gold symbol) process the calls to establish the communication session (e.g., connection) between the IP terminal or the analog terminals (or, POTS).



Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en

**Network Description**

- The unified gateways at the central node (central node for short) and local nodes (local node for short) are connected using SIP trunks. They also use a heartbeat mechanism to constantly check each other's status.
- When the central node is correctly connected to the local node:
    - All users at the headquarters and branches register with the central node.
    - The central node processes all internal calls.
- When the central node is faulty or disconnects from the local node, local users register with the local node, and the local node processes service requests (including intra-office calls and incoming and outgoing calls) from local users. This is known as local regeneration.

Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en

20. The Accused Products comprise a packet access network connectable to a plurality of customer telephone stations.

21. The below figure from Huawei documentation shows an example deployment of the Accused Products with a packet access network that comprises various hardware equipment (packet access network) such as Unified Gateway U1960, Integrated Access Device (IAD) that accesses and connects with the IP (VPN core packet network) to provide UC services such as Voice over IP and Fax over IP. Further, the example network deployed with U1960 and IAD also connects to the POTS phones (customer telephone stations) that allow analog terminals to communicate with IP terminals.



Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en



Source: https://support.huawei.com/enterprise/en/enterprise-communications/espace-iad-pid-15259

22.     The U1960 functions as a server system that processes internal calls to control and route the calls to the intended destination (e.g., a phone user).

8

> **Network Description**
> - The unified gateways at the central node (central node for short) and local nodes (local node for short) are connected using SIP trunks. They also use a heartbeat mechanism to constantly check each other's status.
> - When the central node is correctly connected to the local node:
>   - All users at the headquarters and branches register with the central node.
>   - The central node processes all internal calls.
> - When the central node is faulty or disconnects from the local node, local users register with the local node, and the local node processes service requests (including intra-office calls and incoming and outgoing calls) from local users. This is known as local regeneration.

Source:
https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en

23. In the Accused Products, the packet access network comprises an interface gateway and a packet switch. The packet switch accesses the PSTN and the core packet network.

24. The packet access network of the Accused Products employs hardware equipment such as IAD and U1960 (interface gateway) that provide UC services to the users with IP or analog terminals. The U1960 represented by the gold symbol in the below figure from Huawei documentation functions as a packet switch, which connects with the PSTN and the IP (VPN) (e.g., core packet network).



Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en



Source: https://support.huawei.com/enterprise/en/enterprise-communications/espace-u1960-pid-8057951



Source: https://support.huawei.com/enterprise/en/enterprise-communications/espace-iad-pid-15259

25. The Accused Products include an interface gateway with circuits that convert signals from the plurality of customer telephone stations to packets for switching by the packet switch.

26. The U1960 functions as the interface gateway that receives the analog signals from the POTS users connected with the PSTN to communicate in the network. The U1960 uses a modular circuit board to convert the analog signals into IP packets to switch and transmit the data over the IP (VPN) to the central node that process and establish the call.

27. The IAD also functions as an interface gateway that receives analog signals from the connected analog phone (POTS) to communicate in the network. The IAD includes a standalone circuit or circuits installed with a software program to convert the analog voice signal into IP packets and transmits data through the IP network for switching by the central node.



Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en



Source: https://e.huawei.com/us/material/communication/e651c14c726b40f693c05303c3ce2ad3

Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en



Source: https://support.huawei.com/enterprise/en/enterprise-communications/espace-iad-pid-15259

    28.    The Accused Products include a system for controlling connections through the packet switch. The Accused Products deploy the U1960 as the central node that process the internal calls to control and route the calls to the intended destination (e.g., phone user).

29. The below figures from Huawei documentation show an example scenario where the U1960 functions as a server system to process the call request to determine that the call should be routed over the PSTN to establish the communication session. The below figures from Huawei documentation also show an example scenario where the U1960 functions as server system to processes the call request to determine that the call should not be routed to the PSTN to establish the communication session.

**Network Description**
- The unified gateways at the central node (central node for short) and local nodes (local node for short) are connected using SIP trunks. They also use a heartbeat mechanism to constantly check each other's status.
- When the central node is correctly connected to the local node:
  - All users at the headquarters and branches register with the central node.
  - The central node processes all internal calls.
- When the central node is faulty or disconnects from the local node, local users register with the local node, and the local node processes service requests (including intra-office calls and incoming and outgoing calls) from local users. This is known as local regeneration.

Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en,



Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en,



Source: https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en

30. In view of preceding paragraphs, each and every element of at least claim 1 of the '304 Patent is found in the Accused Products.

31. Huawei has and continues to directly infringe at least one claim of the '304 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

32. Huawei has received notice and actual or constructive knowledge of the '304 Patent since at least the date of service of this Complaint.

33. Since at least the date of service of this Complaint, through its actions, Huawei has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '304 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://e.huawei.com/us/material/communication/e651c14c726b40f693c05303c3ce2ad3
- https://e.huawei.com/us/products/software/mgmt-sys/esight/communication-surveillance
- https://support.huawei.com/hedex/hdx.do?docid=EDOC1000073292&id=uc_cfge_00056&lang=en
- https://support.huawei.com/enterprise/en/enterprise-communications/espace-iad-pid-15259,
- https://support.huawei.com/enterprise/en/enterprise-communications/espace-u1960-pid-8057951

34. Since at least the date of service of this Complaint, through its actions, Huawei has contributed to the infringement of the '304 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '304 Patent. The Accused Products are especially made or adapted for infringing the '304 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '304 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A) Enter judgment that Huawei infringes one or more claims of the '304 Patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that Huawei has induced infringement and continues to induce infringement of one or more claims of the '304 Patent;

(C) Enter judgment that Huawei has contributed to and continues to contribute to the infringement of one or more claims of the '304 Patent;

(D) Award Brazos damages, to be paid by Huawei in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Huawei of the '304 Patent through the date such judgment is entered in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

(E) Declare this case exceptional pursuant to 35 U.S.C. §285; and Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: September 29, 2020                     Respectfully submitted,

*/s/ James L. Etheridge*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JeffH@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**