# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD. and HUAWEI TECHNOLOGIES USA INC. <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> NO. 6:20-CV-889-ADA |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants Huawei Technologies Co., Ltd. ("Huawei Technologies China") and Huawei Technologies USA, Inc. ("Huawei Technologies USA") (collectively, "Huawei" or "Defendants"), hereby submit their Answer, Affirmative Defenses, and Counterclaims to the Original Complaint for Patent Infringement ("Complaint") of Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff"). Huawei denies all allegations in the Complaint not specifically admitted below. In responding to the Complaint, Huawei uses the headings employed by Plaintiff strictly as a convenience to the Court, and does not admit any allegation made in, or inference suggested by, such headings. Huawei answers the numbered paragraphs of the Complaint as follows:

## NATURE OF THE ACTION

1.  Huawei admits that this purports to be an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. §§ 1, et seq. Huawei specifically denies any

alleged infringement and further denies that Plaintiff is entitled to any of the requested relief. To the extent not expressly admitted, Huawei denies the remaining allegations of Paragraph 1.

## THE PARTIES

2. Huawei is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Huawei admits that Huawei Technologies China is a Chinese corporation with an office at Bantian Longgang District, Shenzhen, 518129, China. Huawei Technologies China does not contest jurisdiction for purposes of this litigation. Huawei denies each and every remaining allegation of Paragraph 3.

4. Huawei admits that Huawei Technologies USA is a Texas corporation authorized to do business in Texas. Huawei denies that Huawei Technologies USA has a place of business at 2391 NE Interstate 410 Loop, San Antonio, TX 78217. Huawei admits that Huawei Technologies USA has a registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Huawei denies each and every remaining allegation of Paragraph 4.

5. Huawei admits that the word "Huawei" appears in each Defendant's full corporate name. Huawei acknowledges that Paragraph 5 further purports to set forth definitions for the terms "Huawei Defendant" and "Huawei," as those terms are used in the Complaint. Huawei denies each and every remaining allegation of Paragraph 5.

## JURISDICTION AND VENUE

6. Huawei admits that this purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281, 284, 285. Huawei specifically denies any alleged infringement and further denies that Plaintiff is entitled to any of

the requested relief set forth in the Complaint.  Huawei denies each and every remaining allegation of Paragraph 6.

7. Huawei admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for alleged patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

8. Huawei does not contest that, for purposes of this action only, this Court has personal jurisdiction over Huawei Technologies China and Huawei Technologies USA.  Huawei denies each and every remaining allegation of Paragraph 8.

9. Huawei does not contest that, for purposes of this action only, venue is proper in this District.  However, this District is not necessarily the most convenient forum for this action to be heard, and Huawei reserves all rights to seek a transfer under 28 U.S.C. § 1404.  Huawei is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies them.

## COUNT ONE – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,704,304

10. Huawei acknowledges that Plaintiff attempts to re-allege and incorporate by reference the preceding paragraphs of this Complaint.

11. Huawei admits that Exhibit A purports to be a copy of U.S. Patent No. 6,704,304 ("the '304 Patent" or "the Patent-in-Suit").  Huawei further admits that according to the face of Exhibit A, the title of the '304 Patent is "Selective establishment of telecommunications connections over packet and circuit switched networks," and that the '304 Patent was issued on March 9, 2004.  Huawei denies that the '304 Patent was "duly and legally issued."  Huawei denies any and all remaining allegations of Paragraph 11.

12. Huawei is without knowledge sufficient to form a belief as to the truth of the

allegations in Paragraph 12 and therefore denies them.

13. Huawei denies each and every allegation of Paragraph 13.

14. Huawei admits that Plaintiff identifies "Unified Gateway U1960" as an Accused Product. Huawei denies each and every remaining allegation of Paragraph 14.

15. Huawei denies each and every allegation of Paragraph 15.

16. Huawei denies each and every allegation of Paragraph 16.

17. Huawei denies each and every allegation of Paragraph 17.

18. Huawei denies each and every allegation of Paragraph 18.

19. Huawei denies each and every allegation of Paragraph 19.

20. Huawei denies each and every allegation of Paragraph 20.

21. Huawei denies each and every allegation of Paragraph 21.

22. Huawei denies each and every allegation of Paragraph 22.

23. Huawei denies each and every allegation of Paragraph 23.

24. Huawei denies each and every allegation of Paragraph 24.

25. Huawei denies each and every allegation of Paragraph 25.

26. Huawei denies each and every allegation of Paragraph 26.

27. Huawei denies each and every allegation of Paragraph 27.

28. Huawei denies each and every allegation of Paragraph 28.

29. Huawei denies each and every allegation of Paragraph 29.

30. Huawei denies each and every allegation of Paragraph 30.

31. Huawei denies each and every allegation of Paragraph 31.

32. Huawei is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. Huawei denies each and every allegation of Paragraph 33.

34. Huawei denies each and every allegation of Paragraph 34.

## JURY DEMAND

Huawei admits that this paragraph contains a demand for jury trial to which no response is required.

## REQUEST FOR RELIEF

Huawei denies any factual assertions in the Request for Relief and further denies that Plaintiff is entitled to any of the relief sought in its Request for Relief.

## AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Huawei alleges and asserts the following defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Huawei undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the affirmative defenses described below, Huawei reserves the right to amend or raise additional affirmative defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Non-infringement)

1. Huawei does not infringe and has not infringed, directly, indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the Patent-in-Suit. For example, and without limitation, asserted claim 1 of the '304 Patent requires "said interface gateway comprising circuits for converting signals from said plurality of customer telephone stations to packets for switching by said packet switch." However, the Accused Products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2. One or more claims of the Patent-in-Suit are invalid, unenforceable or void for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, and without limitation, prior art to the '304 Patent exists such that the differences between the prior art and asserted claim 1 of the '304 Patent would have been obvious at the time of the alleged invention to a person of ordinary skill in the art. An example, without limiting Defendants' further defense, of such prior art is U.S. Patent No. 6,426,942.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

3. Plaintiff's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Ensnarement)

4. Plaintiff cannot assert any claims for patent infringement under the doctrine of equivalents because such an asserted scope of equivalency would encompass or ensnare the prior art.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

5. Pursuant to the requirements of 35 U.S.C. §§ 286-288, Plaintiff's ability to recover damages and/or costs is limited. Specifically, Plaintiff is limited by 35 U.S.C. § 287 to only those damages for alleged patent infringement occurring after proper and sufficient notice of infringement to Huawei.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

6. Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
### (Express License, Implied License, Patent Exhaustion, and/or the Single Recovery Rule)

7. Plaintiff's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

### EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, equitable estoppel, unclean hands, and/or other equitable defenses.

### NINTH AFFIRMATIVE DEFENSE
### (Non-Compliance with Standard Setting Organization
### Undertakings and Obligations)

9. Plaintiff's claims for relief are limited and/or barred, in whole or in part, to the extent it or any predecessor-in-interest to the Patent-in-Suit undertook an obligation to a standards-setting organization, and to the extent that Plaintiff or any predecessor-in-interest to the Patent-in-Suit breached a commitment to offer a license to the Patent-in-Suit on fair, reasonable and non-discriminatory and/or reasonable and non-discriminatory terms, breached any disclosure requirements, and/or based on other circumstances.

### TENTH AFFIRMATIVE DEFENSE
### (Contractual Limitation on Damages)

10. Plaintiff's claims for monetary relief are limited to the extent it or any predecessor-in-interest to the Patent-in-Suit undertook an obligation to license the Patent-in-Suit on fair, reasonable, and non-discriminatory and/or reasonable and non-discriminatory terms.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

11. Plaintiff cannot show that this is an exceptional case justifying award of attorney fees against Huawei pursuant to 35 U.S.C. § 285.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

12. The Complaint has failed to state a claim upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

13. Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has adequate remedies at law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Remaining Defenses)

14. Huawei reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Huawei Technologies Co., Ltd. ("Huawei Technologies China") and Huawei Technologies USA, Inc. ("Huawei Technologies USA") (collectively, "Huawei") assert the following counterclaims against Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development. ("WSOU" or "Plaintiff").

### THE PARTIES AND NATURE OF THE ACTION

1. Huawei Technologies China is a Chinese corporation with an office at Bantian Longgang District, Shenzhen, 518129, China.

2. Huawei Technologies USA is a Texas corporation having a principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

3. In its Complaint, Plaintiff states that it is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 606 Austin Ave., Ste. 6, Waco, TX 76701.

4. This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of United States Patent No. 6,704,304 ("the '304 Patent" or the "Patent-in-Suit").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Huawei's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201-2202, and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Counterclaim also arises under the Patent Laws of the United States, Title 35, United States Code.

6. Plaintiff has submitted to personal jurisdiction of this Court through the filing of its Complaint against Huawei.

7. Venue is technically proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Plaintiff has submitted to the venue of this Court by filing its Complaint here.

## COUNT I – DECLARATION OF INVALIDITY OF THE '304 PATENT

8. The allegations of Paragraphs 1 through 7 of this Counterclaim are incorporated herein by reference.

9. An actual and justiciable controversy has arisen and now exists between Huawei and Plaintiff concerning whether the '304 Patent is valid.

10. One or more claims of the '304 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code,

including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

11. For example, and without limitation, prior art to the '304 Patent exists such that the differences between the prior art and asserted claim 1 of the '304 Patent would have been obvious at the time of the alleged invention to a person of ordinary skill in the art. An example of such prior art is U.S. Patent No. 6,426,942.

12. Absent a declaration that the claims of the '304 Patent are invalid, Plaintiff will continue to wrongfully assert the '304 Patent against Huawei in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

13. Because the above activities and actions have created an actual and justiciable controversy, Huawei seeks a declaration that the '304 Patent is invalid.

**COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE '304 PATENT**

14. The allegations of Paragraphs 1 through 13 of this Counterclaim are incorporated herein by reference.

15. An actual and justiciable controversy has arisen and now exists between Huawei and Plaintiff concerning the '304 Patent. By its Complaint, Plaintiff has asserted that Huawei has infringed one or more claims of the '304 Patent.

16. Huawei has denied Plaintiff's claims of infringement. Huawei does not and has not infringed, directly, indirectly, literally or by the doctrine of equivalents, any valid claim of the '304 Patent.

17. For example, and without limitation, asserted claim 1 of the '304 Patent requires "said interface gateway comprising circuits for converting signals from said plurality of customer telephone stations to packets for switching by said packet switch." However, the Accused

Products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.

18. Absent a declaration that Huawei does not infringe any valid claim of the '304 Patent, Plaintiff will continue to wrongfully assert the '304 Patent against Huawei in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Huawei irreparable injury and damage.

19. Because the above actions and activities have created an actual and justiciable controversy, Huawei seeks a declaration that it does not and has not infringed, directly or indirectly, any valid claim of the '304 Patent, either literally or under the doctrine of equivalents.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Huawei demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Huawei prays that the Court enter judgment in its favor and against Plaintiff and grant the following relief:

A. Dismiss the Complaint with prejudice and deny each and every request for relief contained therein;

B. Declare that none of the claims of the Patent-in-Suit are directly, indirectly or jointly infringed by the use, sale or offer for sale of any of Huawei's services or products or any other activity attributable to Huawei, either literally or under the doctrine of equivalents;

C. Declare that the claims of the Patent-in-Suit are invalid;

D. Declare that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and

that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Huawei;

E. Declare that Plaintiff is not entitled to any injunctive relief against Huawei; and

F. Grant Huawei such further relief as this Court may deem necessary, just or proper.

Dated:  January 5, 2021

Respectfully submitted,

*/s/ Jason W. Cook*
Jason W. Cook
Texas Bar No. 24028537
Shaun W. Hassett
Texas Bar No. 24074372
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6400
jcook@mcguirewoods.com
shassett@mcguirewoods.com

Tyler T. VanHoutan
Texas Bar No. 24033290
**MCGUIREWOODS LLP**
600 Travis St., Suite 7500
Houston, TX 77002
Telephone: (713) 571-9191
tvanhoutan@mcguirewoods.com

J. Mark Mann
Texas Bar No. 12926150
G. Blake Thompson
Texas Bar No. 24042033
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Defendants Huawei Technologies Co., Ltd. and Huawei Technologies USA, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on January 5, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                        */s/ Jason W. Cook*
                                        Jason W. Cook